IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR SALVATORI, | : | |
| | : | Case No. 2:25-cv-00100 |
| | : | |
| Plaintiff, | : | Judge Algenon L. Marbley |
| | : | |
| THE HUNTINGTON NATIONAL BANK, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court on the following motions: Defendant the Huntington National Bank's Motion to Dismiss Plaintiff Hector Salvatori's Complaint (ECF No. 8) and Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 11). For the reasons set forth below, this Court **GRANTS** the Huntington National Bank's Motion to Dismiss Plaintiff Hector Salvatori's Complaint (ECF No. 1) and **DENIES** Hector Salvatori's Motion for Leave to File a Sur-Reply (ECF No. 11).

### I. BACKGROUND

#### A. Factual Background

Plaintiff, Hector Salvatori, is a Venezuelan national and asylum applicant who brought this present action against the Huntington National Bank (hereinafter referred to as, "Huntington") for the denial of his mortgage application. Salvatori filed a Complaint alleging that Huntington violated 42 U.S.C. § 1981 and 12 C.F.R. § 1002.6, a provision from Regulation B of the Equal Credit Opportunity Act ("ECOA"), when it denied his mortgage loan application. (ECF No. 1 at 3-4). Huntington now moves to dismiss Salvatori's Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) on the grounds that Plaintiff failed to state a claim upon which relief can be granted. (ECF No. 8 at 2).

Specifically, Salvatori accuses Huntington of denying his mortgage application based solely on his immigration status which resulted in him falling out of contract for a home he intended to purchase. (ECF No. 1 at 4). In August of 2021, Salvatori submitted a mortgage application seeking approval for a 30-year conventional mortgage. (ECF No. 8 at 2). At the time of submitting his application, Salvatori had a pending asylum application. (ECF No. 1 at 4). Subsequently on September 17, 2021, Huntington denied Salvatori's mortgage application. (ECF No. 1 at 4). According to Salvatori, the application was denied solely on his immigration status. (*Id.*). Huntington contends that the application was approved subject to verification that Salvatori was a legal resident of the United States. Upon determination that he was not a legal resident, however, the application was denied. (ECF No. 8 at 10).

On September 29, 2021, Salvatori first filed an administrative complaint with the Ohio Civil Rights Commission ("OCRC") "alleging discrimination in housing secondary to national origin." (ECF No. 1-1 at 1). The OCRC initially determined that Salvatori was denied a mortgage loan based on his national origin, and subsequently issued a formal complaint based on its finding of probable cause. (*Id.*). After the issuance of the formal complaint, however, the Commission determined that Salvatori was not a United States citizen, and thus Huntington's denial of the loan application was based on immigration status as opposed to national origin. (*Id.* at 2). Accordingly, on December 19, 2024, the Commission dismissed the complaint given that Huntington's Denial based on immigration status is not protected under O.R.C. 4112. (*Id.*). The Dismissal Order was sent to Salvatori on January 23, 2025. (*Id.*). Accordingly, Salvatori filed this suit against Huntington alleging discrimination based on immigration status. (ECF No. 1).

2

### B. Procedural Background

On February 5, 2025, Salvatori filed this Complaint alleging violations of 42 U.S.C. § 1981 and 12 C.F.R. §1002.6 of the ECOA in this Court (ECF No. 1), to which Huntington filed its Motion to Dismiss for Failure to State a Claim. (ECF No. 8). Salvatori filed his Motion in Opposition to Huntington's Motion to Dismiss, (ECF No. 9) to which Huntington replied. (ECF No. 10). Salvatori then filed his Motion for Leave to File a Sur-Reply. (ECF No. 11). These motions are now ripe for this Court's consideration.

## II.     STANDARD OF REVIEW

### A. Motion for Leave to File Sur-Reply

Generally, sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (citation omitted). Further, the Federal Rules of Civil Procedure do not contemplate the filing of sur-replies. This Court's Local Civil Rules permit additional memoranda only "upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). While the Rules do not define good cause, the Sixth Circuit has noted that additional filings "may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a non-movant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). Even so, courts in the Southern District have permitted parties to file sur-replies without showing good cause when it did not result in prejudice toward the opposing party. *See Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925, 930 (S.D. Ohio 2007).

### B.  Motion to Dismiss for Failure to State a Claim

This Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). This Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). If more than one inference may be drawn from an allegation, this Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). This Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. This Court, however, is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, the complaint should be read as a whole, even if a specific alleged fact read in isolation appears meaningless. *Ricchio v. McLean*, 853 F.3d 553, 557 (1st Cir. 2017). Lastly, *pro se* pleadings should be liberally

construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. LAW AND ANALYSIS

#### A. Plaintiff Hector Salvatori's Motion for Leave to File Sur-Reply

In support of his Motion for Leave to File a Sur-Reply, Salvatori asserts that good cause exists due to Huntington raising new arguments not addressed in its initial motion. (ECF No. 11). Specifically, Salvatori contends that Huntington brings forth new arguments regarding the applicable statute of limitations to Salvatori's Section 1981 claim, equitable tolling, and the relevance of Fannie Mae guidelines to Salvatori's claims. (*Id.*). This Court finds that Huntington's reply only raises these arguments in response to Salvatori's own opposition motion. Since Salvatori initiated discussion of these arguments, allowing a sur-reply would not be of service to this Court and would only allow Salvatori to get the last word. *See Spitzer Autoworld Akron, LLC v. FCA US LLC*, 2023 WL 4842669, *1 (N.D. Ohio Feb. 8, 2023). Accordingly, Salvatori's Motion for Leave to File Sur-Reply (ECF No. 11) is hereby **DENIED**.

#### B. Defendant the Huntington National Bank's Motion to Dismiss for Failure to State a Claim

Huntington argues Salvatori's claims should be dismissed because: (1) Salvatori fails to state a claim for which relief can be granted under 42 U.S.C. § 1981; and (2) fails to state a claim for which relief can be granted under 12 C.F.R. §1002.6. of the ECOA. (ECF No. 8). Specifically, Huntington contends that the Section 1981 claim brought by Salvatori is time-barred, and further that, immigration status is not a protected category under Section 1981 or the ECOA. (*Id*. at 4, 7, 9). To survive a motion to dismiss for failure to state a claim, the complaint must contain sufficient factual allegations to show that the plaintiff can state a claim against the defendant that is "plausible

on its face." *Twombly*, 550 U.S. at 570. This Court reviews the sufficiency of these allegations below.

### 1. Violation of Section 1981

First, Huntington argues that Salvatori's Section 1981 claim is precluded by the one-year statute of limitations provided in Ohio Revised Code Section 4112.055(A)(1). (ECF No. 8 at 4, 6). Specifically, Huntington asserts that Salvatori's Section 1981 claim is subject to a one-year statute of limitations and consequently should be dismissed as the claim expired on September 17, 2022. Salvatori did not file his lawsuit until February 5, 2025. (*Id.* at 6). In response, Salvatori retorts that Huntington's motion to dismiss should not be denied because his Section 1981 claim is subject to a four-year statute of limitations pursuant to 28 U.S.C. § 1658(a), and even if the state statute asserted by Huntington applies, the OCRC proceedings initiated by Salvatori tolled the one-year statute of limitations. (ECF No. 9 at 4-6).

This Court finds that Salvatori's Section 1981 claim is time-barred, as the claim was filed over two years too late. "Where a federal statute like 42 U.S.C. § 1981 does not contain a statute of limitations, the Court determines the proper limitations period in one of two manners." *Cornelius v. Kroger Co.*, 2014 WL 6685172, *3 (S.D. Ohio Nov. 25, 2014). If the claim at issue could have been brought under a statute enacted prior to December 1, 1990, the court shall apply the most analogous state law statute of limitations; however, if the claim was only made possible because of a statute enacted *post* December 1, 1990, the court shall apply the four-year statute of limitations provided in 28 U.S.C. § 1658. *See Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 370 (2004).

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties,

6

give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). In 1991, the statute was amended to add U.S.C. § 1981(b), providing that "[f]or purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." The Sixth Circuit has interpreted Section 1981(b) to have expanded actionable conduct under the statute to include post contract formation conduct. *See Anthony v. BTR Automotive Sealing Systems, Inc.*, 339 F.3d 506, 514 (6th Cir. 2003)("Section 1981 claims premised upon alleged discriminatory actions occurring after the formation of the employment relationship, such as the failures to promote at issue in this case, are thus actionable under § 1981 only by virtue of legislation enacted after December 1, 1990, and by its terms 28 U.S.C. § 1658 therefore applies to them.").

Here, Salvatori contends that Huntington wrongfully denied his mortgage application based on his immigration status. (ECF No. 1 at 4). Accordingly, such conduct involves discrimination in the ***formation*** of a contract which falls under Section 1981(a), a claim that was able to be made prior to the 1991 amendment. *See Cornelius*, 2014 WL 6685172 at *4 (finding the state law statute of limitations applied where the conduct at issue appropriately fell under Section 1981 (a) because it was based on discrimination in the formation of the contract); *see also Fishback v. Kroger,* 2017 WL 3220469, *2 n.1 (W.D. Ky. July 28, 2017) (collecting cases applying the state statute of limitations where contract formation issues fell under Section 1981(a) and applying the four-year statute of limitations under 28 U.S.C. § 1658(a) where the post-formation contract issues fell under Section 1981 (b)).

7

Salvatori relies on *Jones* mistakenly to assert that the 1991 amendments to Section 1981 expanded the statute to include pre-contractual conduct such as formation, and accordingly the four-year statute of limitations should apply. (*See* ECF No. 9 at 4-5). In doing so, Salvatori relies on various incorrect citations and non-existent cases.[1] (*See id.*; *see also* ECF No. 10 at 3). In addition to Salvatori's failure to cite valid case law, this Court finds the law on this issue to be clear. Since Salvatori's claim asserts discrimination in the formation of the contract, the alleged conduct falls under Section 1981(a), a claim that could have been made prior to December 1990, and therefore, the most analogous state statute applies.

As a last-ditch effort, Salvatori asserts that even if the one-year statute of limitations in Ohio Revised Code Chapter 4112.05 applies, federal tolling provisions makes his claim valid. (ECF No. 9 at 5). Specifically, Salvatori contends that due to his filing of a complaint with the OCRC within one year of the alleged discrimination, 42 U.S.C. Section 3613(a)(1)(b) of the Fair Housing Act tolled the statute of limitations. (*Id.*). Accordingly, in Salvatori's view, the tolling extended his time to file this Complaint until 30 days post the issuance of the OCRC's final determination which was issued on January 23, 2025. (*Id.* at 6). Huntington argues that Salvatori's reliance on 42 U.S.C. Section 3613(a)(1)(b) is misplaced, as the Complaint does not assert an FHA claim, nor does the FHA contain protections for immigration status. (ECF No. 10 at 5).

Salvatori cites no valid case law supporting his proposition that his filing of a claim with the Ohio Civil Rights Commission tolled the period within which he was required to file his federal

---

[1] For example, Salvatori cites to *Pineda v. Chase Bank, N. A.*, No. 07-CV-563-PJH, 2007 WL 521222, at *3 (N.D. Cal. Feb. 15, 2007); however, no such case exists in the Northern District of California. Rather, the Westlaw citation Salvatori includes in the citation is linked to an entirely different case that makes no mention of Section 1981. *See Von Mangolt Hills v. Intensive Air, Inc.,* 2007 WL 521222 (N. D. Cal. Feb. 15, 2007). Similarly, Salvatori's citation to *Herring v. Dist. of Columbia*, 780 F. Supp. 2d 105, 109-10 (D. D. C. 2011) does not exist, and the reporter citation connects to a case that does not at all discuss Section 1981. *See Morin v. E. Maine Med. Ctr.,* 780 F. Supp. 2d 98 (D. Me. 2010). Finally, while *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 406 (5th Cir. 2004) does exist, the case also includes no discussion of Section 1981 or statutes of limitations.

suit. (ECF No. 9 at 6). Instead, Salvatori cites to *Gembarski v. PartsSource*, Inc., 2019-Ohio-3231, which is a class action case on rescinded employee commissions and makes no mention of tolling or O.R.C. Section 4112.05. Additionally, the Sixth Circuit has held that there are no provisions under the Ohio fair housing statutes providing for tolling where a plaintiff first filed an administrative complaint with OCRC prior to filing a federal complaint. *Warner v. Perrino*, 585 F. 2d 171, 175 (6th Cir. 1978) ("[H]owever we may view the relationship between plaintiff's claims here and the policies of the federal and state fair housing laws favoring the conciliation of housing discrimination complaints, it is not appropriate to toll the running of the statute of limitations applicable to sections 1981 and 3617 for the purpose of conciliation. There is no requirement in either the federal or state statutes that a plaintiff exhaust his administrative remedies before coming to court nor are there any provisions applicable here which toll the statutory time limits."). Thus, this Court finds that there are no such tolling provisions that revive Salvatori's Section 1981 claim. Accordingly, because the Section 1981 claim is time-barred, this Court will not discuss the substantive sufficiency of the claim.

As such, this Court **GRANTS** Huntington's Motion to Dismiss as to Salvatori's Section 1981 claim. Salvatori's Section 1981 claim is hereby **DISMISSED with prejudice**.

### 2. Violation of the ECOA

Under the ECOA it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). Regulation B provides that "[a] creditor may inquire about permanent residency and immigration status of an applicant or any other person in connection with a credit transaction." 12 C.F.R. § 1002.5(e). It also states that "[a] creditor may consider [an] applicant's immigration status or status as a permanent resident of the United States,

and any additional information that may be necessary to ascertain the creditor's rights and remedies regarding repayment." 12 C.F.R. § 1002.6(b)(7).

To state a claim under the EOCA, a plaintiff must establish that: "(1) Plaintiff was a member of a protected class; (2) Plaintiff applied for credit from Defendants; (3) Plaintiff was qualified for the credit; and (4) despite Plaintiff's qualification, Defendants denied her credit application." *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F. 3d 873, 877 (6th Cir. 2002). Further, a plaintiff must establish that the denial was based on his membership in the protected class. *Nia v. Bank of America, N.A.*, 603 F. Supp. 3d 894, 902 (S.D. Cal. 2022). Here, Salvatori fails to allege that he is a member of a protected class as required by the statute.

Huntington argues that Salvatori's ECOA claim must fail because Salvatori alleges Huntington's denial of the mortgage application was based on Salvatori's immigration status which was not violative of the statute. (ECF No. 8 at 9). Specifically, Huntington contends that immigration status is not a protected characteristic as the statute expressly permits consideration of immigration status. (*Id.* at 10). Alternatively, in his opposition motion, Salvatori argues that Huntington impermissibly maintained a "blanket policy" that excluded Venezuelan asylum seekers like himself. (ECF No. 9 at 9). Additionally, Salvatori contends that Huntington disregarded industry underwriting guidelines when evaluating his eligibility and instead imposed an unjust requirement that he demonstrate his ability legally to remain in the United States for three years post-closing on the loan. (*Id.* at 8).

Although true that Regulation B allows creditors to consider immigration status, one's immigration status cannot be the sole reason for the denial of a loan application. *Camacho v. Alliant Credit Union*, 2023 WL 149999, *3 (N.D. Cal. Jan. 10, 2023); *Juarez v. Social Fin., Inc.*,

10

2021 WL 1375868, *7 (N.D. Cal. Apr. 12, 2021). Even so, Salvatori's ECOA claim fails because he fails to plead the elements of an ECOA claim.

Despite asserting that he is a Venezuelan national with a pending asylum status in his opposition motion, Salvatori fails to allege explicitly membership to a protected class in his Complaint. *See* ECF Nos. 1; 9 at 11. Specifically, nowhere in the Complaint does Salvatori assert his discrimination was based on "race, color, religion, **national origin**, sex or marital status, or age." 15 U.S.C. § 1691(a)(1) (emphasis added). Only in his opposition motion, not in his Complaint, does Salvatori assert that Huntington maintained a blanket policy that excluded Venezuelan asylum seekers. (ECF No. 9 at 9). Even construing Salvatori's *pro se* pleadings liberally, this Court's ability to infer from the Complaint that Salvatori is indeed a member of protected class, does not remedy the deficiencies in the pleadings. This is because in his Complaint, Salvatori alleges that his mortgage loan was denied "solely" because of his immigration status. (*See* ECF No. 1). Thus, Salvatori also fails to allege in the Complaint that he was denied a loan because of the protected characteristic that is his national origin. Additionally, while the referenced Fannie Mae guidelines can be helpful in aiding a lender's eligibility determination for a particular applicant, they are merely guidelines. Further, the guidelines do not remedy Salvatori's failure to establish the required elements of an ECOA claim.

Because Salvatori fails to state a claim for which relief can be granted under the ECOA, this Court **GRANTS** Huntington's Motion to Dismiss as to Salvatori's ECOA claim. As such, Salvatori's ECOA claim is hereby **DISMISSED with prejudice**.

## IV. CONCLUSION

Based on the foregoing, this Court **GRANTS** Huntington's Motions to Dismiss Salvatori's Complaint (ECF No. 8). This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  January 7, 2026**